UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:10-CR-34 |
| vs. | ) | |
| | ) | |
| | ) | |
| RONALD WHALEY | ) | COLLIER/CARTER |

REPORT AND RECOMMENDATION

I. Introduction

This matter came before the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(B)and(C) to conduct such evidentiary hearings as deemed necessary and to issue a report and recommendation as to the defendant's mental competency to stand trial, whether he is able to assist in his own defense, and sanity at the time of the offense.

Those appearing before the undersigned at the mental competency hearing on Monday, November 29, 2010, included the following:

1. Asst. United States Attorney Scott Winne
2. Defendant Ronald Whaley
3. Attorney Steven Moore for defendant
4. Dr. Miriam Kissin, Forensic Psychologist, FMC Devens
5. Dr. Donald L. Henson, Psychiatrist, VA Hospital, Mountain Home, Tennessee
6. Dr. Jerome Cook, Psychologist, VA Hospital, Mountain Home, Tennessee

II. Motion for Psychiatric Examination

A motion was filed in this case on March 30, 2010, by defendant moving the Court for an evaluation to determine if defendant was competent to stand trial and sanity at the time of the alleged offense [Doc 55]. The Court entered an order on April 2, 2010 granting a

1

psychiatric/psychological evaluation to determine (1) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and (2) defendant's sanity at the time of the offense [Doc. 74]

Dr. Miriam Kissin, Psy.D., forensic psychologist at the Federal Bureau of Prisons in Devens, Massachusetts, testified at the November 29, 2010 hearing. Dr. Kissin testified she participated in the evaluation of defendant Ronald Whaley between April 29 and June 14, 2010.

Dr. Kissin reviewed defendant's criminal history but did not have records from his prior treatment. She was aware of defendant's prior mental health issues. Dr. Kissin described her contact with the defendant:

> During his time at the facility, Mr. Whaley was routinely observed on his housing unit by both clinical and correctional staff, and these observations were incorporated into the findings of this report. Mr. Whaley underwent a physical examination, was seen by psychiatry staff, and participated in multiple clinical interviews. He was administered the Minnesota Multiphasic Personality Inventory-Second Edition (MMPI-2), and the Wechsler Abbreviated Scale of Intelligence (WASI).

(Forensic Report at 2).

Dr. Kissin reviewed Mr. Whaley's mental health history:

> He reported a family history positive for substance abuse, and a cousin with "psychological problems" on his father's side.
>
> Mr. Whaley noted that he first began to exhibit "mood swings" following his 1980 car accident. As a result of the car accident, he lost all of his possessions, which were in the vehicle with him at the time of the crash, and not recovered. Mr. Whaley said he became depressed and felt as if "everything around him collapsed." He said he thereafter began abusing drugs, and eventually became "paranoid and suspicious about everything." He said he did not trust anyone. Mr. Whaley said he noticed hearing voices during the 1990's, with derogatory statement content, but believes the symptoms had manifested earlier, without his realization.

2

Mr. Whaley said he first accessed mental health services through the VA in 1991, in the context of substance abuse treatment. He was thereafter diagnosed with depression, and referred for mental health treatment. Mr. Whaley said he was eventually diagnosed with Bipolar Disorder, and eventually Schizophrenia. He has been treated thereafter for mental health symptoms on an outpatient basis through the VA system, and prescribed a variety of medications, including antidepressant, antipsychotic, anxiolytic, mood stabilizing, and sleep medications, with many changes to his treatment protocol over the years. He described repeated psychiatric decompensations secondary to substance use, and subsequent poor compliance with medication treatment. He said he has had over ten psychiatric hospitalizations to date, for decompensation in the context of active substance use.

Mr. Whaley said his most recent hospitalization was from August through September, 2009, at the V.A. in Johnson City, Tennessee. He said he "checked himself in" for treatment, because he was depressed, and "wanted to get himself balanced out." He said he thereafter continued to take his psychiatric medications, including Citalopram (antidepressant), bupropion (antidepressant), Risperidone (antipsychotic), Gabapentin (mood stabilizer), and Lorazepam (anxiolytic) until January 2010, when he relapsed on drugs.

Psychological Test Results: Mr. Whaley was administered the Minnesota Multiphasic Personality Inventory-Second Edition (MMPI-2), a structured personality inventory designed to assess an individual's personality characteristics and emotional adjustment. His MMPI-2 results depict significant elevations on validity indices that assess inconsistent item endorsement, and over-reporting of psychopathology. The number and range of symptoms endorsed is highly unusual, even for extremely mentally ill individuals. It is furthermore not consistent with Mr. Whaley's relatively appropriate mood and behavior presentation. This response pattern can be accounted for by several factors, including inattention to the task, perceived psychological distress, and over-endorsing symptoms in order to communicate emotional distress to others. Given this response pattern, Mr. Whaley's MMPI-2 profile is classified as invalid and thus cannot be further interpreted.

Mr. Whaley was also administered the Wechsler Abbreviated Scale of Intelligence (WASI), which is an abbreviated measure of intelligence that assesses cognitive strengths and weaknesses. His performance was consistent across verbal and non-verbal domains. Mr. Whaley scored in the Low Average range of intellectual functioning, placing his cognitive functioning above 21 percent of adults his age.

(Forensic Report at 5-7).

Dr. Kissin summarized her Diagnostic Impression as follows:

Mr. Whaley has a history of psychotic symptoms dating to the 1980's. His symptoms reportedly emerged following a serious car accident, where he sustained a head injury. He also reported beginning to abuse substances at the same time period. Mr. Whaley described developing a wide range of diffuse symptoms. He said he initially became paranoid and uneasy in social settings, and eventually began to experience auditory hallucinations marked by derogatory commentary. He also reported vague periodic visual hallucinations. His symptoms reportedly increased in the context of exacerbated drug use during the 1990's, following a second car accident, and subsequent treatment non-compliance. He is reported to have been diagnosed with Depression, Schizophrenia, and Bipolar Disorder. In the context of treatment adherence, Mr. Whaley's psychotic symptoms remain active, but relatively unobtrusive and do not appear to significantly interfere with his daily functioning. He does not present with notable current mood symptoms, and has not been symptomatic for depression in several months. Mr. Whaley has a history of depression symptoms, including low mood, loss of energy and motivation, sleeplessness, feelings of guilt, and suicidal ideation. However, he does not endorse a history of alternating distinct phases of depression and mania. As such, it does not appear that Bipolar Disorder represents the most appropriate conceptualization of Mr. Whaley's symptom expression. Mr. Whaley's head injury and chronic substance [abuse] significantly complicate his clinical profile, as it is difficult to discern whether his psychotic symptoms are associated with an underlying psychotic illness (i.e. Schizophrenia), manifested as a result [sic] traumatic brain injury, or were substance-induced. It is likely that all three factors may have contributed to his symptoms. Unfortunately, VAMC treatment records that may shed more light on Mr. Whaley's diagnostic profile were not received by the writing of this report. In light of his history, current presentation, and noted lack of clinical clarity, Mr. Whaley is diagnosed with Psychotic Disorder, Not Otherwise Specified, and Major Depressive Disorder, Recurrent, In Full Remission.

Mr. Whaley has a long history of cocaine and crack cocaine use. He described repeatedly using large quantities of drugs over extended periods off [sic] time, despite multiple efforts to maintain abstinence. Mr. Whaley reported continuing to use cocaine, despite repeated drug-related criminal charges, psychiatric deterioration, relationship problems, and other negative psychosocial consequences. In light of the above factors, Mr. Whaley meets criteria for Cocaine Dependence, in a Controlled Environment.

The following diagnoses are offered in accordance with the criteria set forth in the *Diagnostic and Statistical Manual of Mental Disorders - Fourth Edition - Text Revision (DSM-IV-TR)*. Diagnoses of Axis III medical conditions are based on the impressions of FMC Devens medical staff:

    Axis I:                296.36          Major Depressive Disorder, Recurrent, In

|        |        | Full Remission |
|        | 298.9  | Psychotic Disorder, Not Otherwise Specified |
|        | 304.20 | Cocaine Dependence, In a Controlled Environment |

Axis II:    V71.09    No Diagnosis

Axis III:             Back pain; Migraine headaches; Orthopedic problems; Dental problems.

Axis IV:              Problems interacting with the legal system

Axis V:               GAF=61 (Current)

(Forensic Report at 8 and 9).

Dr. Kissin assessed defendant to have the ability to make rational decisions as they related to his criminal case (Forensic Report at 11 and 12). Based on defendant's history and current presentation it was Dr. Kissin's clinical opinion that Mr. Whaley does not presently exhibit symptoms of a mental illness that would serve to directly limit those abilities generally associated with competence to stand trial. Based on the available information, it was her opinion that despite some persisting symptoms of mental illness, Mr. Whaley's competency-related skills are not significantly compromised by symptoms of a serious mental illness, such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Defendant called two witnesses, Dr. Donald L. Henson, a Psychiatrist with the V.A. Hospital and Dr. Jerome Cook, a Psychologist with that same facility. Dr. Cook has previously administered psychological tests to Mr. Whaley and Dr. Henson had treated Mr. Whaley in 2005[1]. Since that time Mr. Whaley has received further treatment at the VA Hospital. Mr.

---

[1] Both Dr. Cook and Dr. Henson had reviewed the assessment of Dr. Kissin.

Whaley was diagnosed with paranoid schizophrenia. Dr. Henson noted that paranoid schizophrenia can be controlled or it can go into remission.

In spite of his prior treatment, neither Dr. Henson not Dr. Cook disagreed with the assessment of competence given by Dr. Kissin.

As to the question of sanity at the time of the offense or criminal responsibility, it was the opinion of Dr. Kissin that Mr. Whaley was criminally responsible for his behavior. It was Dr. Kissin's conclusion that he did appear to be suffering from symptoms of a mental disease around the time of the alleged offense, depression and increased auditory hallucinations in the context of cocaine use. However, there was nothing to suggest he would have been unable to appreciate the nature, quality or wrongfulness of his behavior by reason of mental disease or defect (Forensic Report Addendum at 5).

I note the question of sanity at the time of the offense is a question for the jury but, based on available evidence, it does not appear Mr. Whaley was insane at the time of the alleged offense.

### III. Conclusion

Having carefully reviewed the pleadings and the evidence presented at the November 29, 2010 hearing and considering the opinion of Dr. Kissin from her testimony and reports, and

further considering the testimony of Drs. Henson and Cook, I RECOMMEND[2] the Court find the defendant competent to understand the nature and consequences of the proceedings against him and able to assist in his defense.

                                              *s/William B. Mitchell Carter*
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).